United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK THOMAS GRUNEAU, | No. C 10-5688 WHA (PR) |
| Petitioner, | **ORDER GRANTING MOTION TO FILE AMENDED PETITION; TO SHOW CAUSE** |
| v. | |
| RICK M. HILL, Warden, | |
| Respondent. | (Docket No. 3) |

**INTRODUCTION**

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254.  He has paid the filing fee.  Petitioner has also filed a motion to file an amended petition, with the proposed amended petition attached.

**STATEMENT**

In 1996 petitioner was convicted in Santa Clara County Superior Court of annoying or molesting a child with a prior felony conviction, and of loitering on school grounds.  Petitioner was also found to have two prior "strike" convictions.  The trial court sentenced him to a term of 25-years-to-life in state prison under California's "Three Strikes" Law.  The California Court of Appeal dismissed his appeal due to appellate counsel's failure to file an opening brief.  In 2009, the California Court of Appeal granted a habeas petition seeking to reinstate the direct appeal.  The Court of Appeal then affirmed petitioner's convictions and sentence, and the California Supreme Court denied a petition for review in 2010.

United States District Court

For the Northern District of California

**ANALYSIS**

**A.    STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.    LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner claims that (1) his right to due process was violated because there was insufficient evidence to support a conviction for annoying or molesting a child; and (2) admission of evidence of his prior sexual offenses violated due process.

Petitioner's claims, when liberally construed, are cognizable.

**CONCLUSION**

1. The motion for leave to file an amended petition (docket number 3) is **GRANTED**.

2.  The clerk shall mail a copy of this order and the amended petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the court and serve on petitioner, within ninety days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on

**United States District Court**
For the Northern District of California

1  the claims found cognizable herein.  Respondent shall file with the answer and serve on

2  petitioner a copy of all portions of the state trial record that have been transcribed previously

3  and that are relevant to a determination of the issues presented by the petition.

4       If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

5  court and serving it on respondent within thirty days of the date the answer is filed.

6       4.  Respondent may file, within ninety days, a motion to dismiss on procedural grounds

7  in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules

8  Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the

9  court and serve on respondent an opposition or statement of non-opposition within thirty days

10  of the date the motion is filed, and respondent shall file with the court and serve on petitioner a

11  reply within fifteen days of the date any opposition is filed.

12       5.  Petitioner is reminded that all communications with the court must be served on

13  respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must

14  keep the court informed of any change of address and must comply with the court's orders in a

15  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

16  pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772

17  (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

18       **IT IS SO ORDERED.**

19

20  Dated: February ___10___, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27  G:\PRO-SE\WHA\HC.10\GRUNEAU5648.OSC.wpd

28

3