IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK THOMAS GRUNAU, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> RICK M. HILL, ) <br> ) <br> Respondent. ) <br> ) | No. C 10-5648 WHA (PR) <br><br> **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY** |

## INTRODUCTION

Petitioner Mark Thomas Grunau, a California prisoner proceeding *pro se*, filed an amended petition for a writ of habeas corpus challenging his conviction pursuant to 28 U.S.C. 2254. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and petitioner filed a traverse.

Both the traverse and the memorandum of points and authorities attached to the amended petition were signed by Dan Grunau, petitioner's father, who purports to act as petitioner's attorney-in-fact but is not a licensed attorney. Consequently, these documents are not properly before the court; nevertheless, they have been reviewed to ensure that, had they been submitted by petitioner or an attorney, they would not alter the conclusion reached below that the petition must be **DENIED.**

# STATEMENT

## I. PROCEDURAL BACKGROUND

In 1996, petitioner was charged with two counts of annoying or molesting a child (Cal. Pen. Code § 647.6). A jury convicted him of one of the counts, but as to the second count, instead found him guilty of the lesser included offense of loitering on school grounds (Cal Pen. Code § 653(g)). Petitioner admitted to having two prior strike convictions (Cal. Pen. Code §§ 667(b)–(i), 1170.12; Ex. B at 198-203). The trial court sentenced petitioner to a term of 25 years to life in state prison.

Petitioner appealed his conviction in 1997, but the California Court of Appeal issued a remittitur dismissing the appeal upon appellate's failure to file an opening brief. Petitioner's trial attorney, whom petitioner's parents had retained for his appeal, continued to tell petitioner's parents that the appeal was pending or on hold, but had actually abandoned the appeal entirely. In 2004, petitioner's father finally discovered that the appeal had been dismissed seven years earlier. In 2008, the Court of Appeal recalled the remittitur and reinstated the appeal. *See In re Grunau*, 169 Cal.App.4th 997 (2008). In an unpublished opinion, the Court of Appeal affirmed the judgment (Ex. D). The California Supreme Court denied a petition for review (Ex. F).

## II. FACTUAL BACKGROUND

On November 1, 1995, the Milpitas High School girls' swim team held practice in the school's swimming pool area. The area was surrounded by a 10-12-foot-high chain-link fence. The chain link fence was covered with sheets of plywood to keep people from watching the pool area and to minimize the wind. Inside the fence, two doors opened onto the pool area with signs indicating that they led to the boys' and girls' locker rooms. Outside the fence were two other doors that also led to the respective locker rooms, but these doors could not be opened from the outside. They had windows covered by pieces of sheet metal and they did not have signs indicating where they led.

About one hour into practice, 16-year-old Lindsay S. and 17-year-old Leticia A. saw petitioner watching the practice from the exterior door boys' locker room door, partially obscured behind a wall. When Lindsay noticed him, he moved behind the wall and out of sight. Leticia and another girl told the swimming coach, Steven Howard, that someone was "leering" at them from the entrance to the boys' locker room (Ex. B at 48). Howard went to the boys' locker room and saw a man walking out of the main entrance to the locker room, but did not pursue the man.

After the practice, 14-year-old Dina E. showered in her swimsuit in the locker room. As she showered, she suddenly noticed petitioner standing just outside the exit-only doorway. They made eye contact and petitioner continued to stare at her for approximately five seconds, then closed the door.

As he sat in his car after practice, Howard noticed petitioner coming out of an alcove area near the outside exit door to the girls' locker room. Petitioner walked along the fence bordering the pool and Howard drove over to petitioner and asked him to stop. Petitioner explained that he was in the alcove area to get away from the wind, and that he had been at the school to use the track. Howard did not accept this explanation because it was not windy that night and petitioner was neither dressed for exercise nor appeared to have been running. Howard asked petitioner for his driver's license, wrote down his name and license number, and called the police.

Petitioner admitted to the police that he had been at Milpitas High School, watched the swim practice, and entered the girls' locker room. Petitioner said that while he was driving home from work, he had an urgent need to use the bathroom and drove to Milpitas High School to use the bathroom in the gym. He told the police that he did use the bathroom in the boys' locker room, but felt that he might need to use it again soon, so he stayed at the high school for 45 minutes to an hour. He watched the swim practice, walked around the track, and then opened one of the unmarked exit-only doors in order to

3

find a bathroom. He thought he had entered the boys' locker room, but entered the girls' locker room by mistake. When he saw a girl showering, he closed the door and left.

## ANALYSIS

**I.     STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Under 28 U.S.C. 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322 at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir. 2000). In this case, the last reasoned opinion is that of the California Court of Appeal.

**II.    PETITIONER'S GROUNDS FOR RELIEF**

As grounds for habeas relief, petitioner asserts that: (1) the trial court violated his right to due process because there was insufficient evidence to support his conviction; and (2) evidence of two prior sex offenses rendered the trial fundamentally unfair.

4

### A. INSUFFICIENCY OF EVIDENCE

Petitioner claims that there was insufficient evidence to support his conviction for "annoy[ing] or molest[ing] any child under 18 years of age." Cal. Penal Code § 647.6(a)(1). Due process requires that the state prove every element of a crime beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364 (1970). A federal court conducting a collateral review of a state conviction determines only whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1970). Only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt has there been a due process violation. *Id.* at 324.

Petitioner contends that viewing a person wearing a full-body swimsuit for less than five seconds "would not cause the average person to be unhesitatingly irritated or offended, an essential element of the crime" (Am. Pet. 6.). The issue of whether the evidence in this case was sufficient turns on the meaning of "annoy" or "molest" under California Penal Code Section 647.6. The Court of Appeal explained that under California law, satisfying this element requires "(1) conduct a normal person would unhesitatingly be irritated by and (2) conduct motivated by an unnatural or abnormal sexual interest in the victim" (Ex. D at 4-5) (citing *People v. Lopez*, 19 Cal.4th 282, 289 (1998)) (internal quotation marks and citations omitted). This test is objective; it is irrelevant whether the child in question was actually irritated or disturbed (*id.* at 5). The California Court of Appeal's interpretation of state law is binding here. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (federal habeas court bound by state court's interpretation of state law).

The prosecution presented sufficient evidence to show that petitioner's conduct would have "unhesitatingly irritated" a normal person. The victim "was on a high school

campus, out of general public view, and inside a girls' locker room, a place that by definition is to be used exclusively by girls and where males are not allowed" (Ex. D at 5-6). While petitioner contends that, in his opinion, his conduct would not have annoyed a reasonable person to the degree required, the test is objective. It does not matter whether petitioner thought his conduct actually irritated the victim in this case (*See* Ex. A at 188 (jury was instructed pursuant to California law that "It is not necessary that the act[s] [or] [conduct] actually disturb or irritate the child or that the body of the child be actually touched")). Viewed in the light most favorable to the prosecution, any trier of fact could find beyond a reasonable doubt that a reasonable person would have unhesitatingly felt irritated by petitioner's conduct under the surrounding circumstances.

Consequently, the Court of Appeal's decision that there was enough evidence to support petitioner's conviction under Section 647.6 was neither contrary to nor an unreasonable application of clearly established federal law.

### B.    EVIDENCE OF PRIOR SEX OFFENSES

Petitioner next claims that the admission of evidence of two prior sex offenses rendered the trial "fundamentally unfair" (Am. Compl. 6). Over petitioner's objection, the prosecution introduced evidence that petitioner committed two sex offenses, one in 1977 and one in 1984 (Ex. B at 13-24). In 1977, petitioner committed a lewd and lascivious act on an eight-year-old victim in an elementary school bathroom (Ex. A at 230-31). In 1984, petitioner committed the same offense on a ten-year-old victim on a suburban street, and this time he also attempted to place the victim in his car (*ibid.*; Ex. B at 85-90).

A state court's procedural or evidentiary ruling is not subject to federal habeas review, unless the ruling violates federal law, either by infringing upon a specific federal constitutional or statutory provision or by depriving the defendant of the fundamentally fair trial guaranteed by due process. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984). A

federal court cannot disturb on due process grounds a state court's decision to admit evidence of prior crimes unless the admission of the evidence was arbitrary or so prejudicial that it rendered the trial fundamentally unfair. *See Walters v. Maass*, 45 F.3d 1355, 1357 (9th Cir. 1995).

Evidence of petitioner's prior crimes was not introduced arbitrarily, but in order to show that petitioner's conduct in the instant case was "motivated by an unnatural or abnormal sexual interest in the victim," one of the elements of California Penal Code Section 647.6 (Ex. D at 4-5; Ex. B at 21). The prior crime evidence, as well as the detective's observation that Milpitas High School is not near the main road, and that petitioner would have passed gas stations and restaurants on the way, tended to show that petitioner's motivation in going to the high school was not to use the bathroom, as he claimed (Ex. D at 8; Ex. B at 145). Petitioner's intent as demonstrated by his past intent in committing similar crimes tended to show that when petitioner opened the locker room door, it was not a mistake as he claimed, but due to an unnatural or abnormal sexual interest.

It is true that evidence of prior offenses, even if relevant, may nevertheless prejudice the defendant by causing a jury to draw impermissible inferences from the evidence. Prior offense evidence violates due process, however, "[o]nly if there are *no* permissible inferences the jury may draw from the evidence." *Jammal v. Van de Camp*, 926 F.2d 918, 920 (9th Cir. 1991). The evidence of prior sex offenses in the instant case raised at least three permissible inferences: (1) that petitioner's motivation in going to the high school was not to use the bathroom as he claimed; (2) that he did not accidentally open the door to the girls' locker room; and (3) his presence in the locker room was motivated by an abnormal sexual interest. Even if the evidence of prior crimes could have raised impermissible inferences, such as inflaming the jury's emotions or demonstrating propensity, the fact that the evidence raised other, permissible inferences

means that its admission did not violate due process. *See ibid.*

Petitioner contends that the prior offenses were so remote in time and so different from the conduct in the instant case that their introduction prevented the jury from rationally and clearly evaluating the facts of the case, rendering the trial fundamentally unfair (Am. Compl. 6). Prior offense evidence may be admitted "when the prior act was not too remote in time and the trial court gave a similar limiting instruction." *Walters*, 45 F.3d at 1357-58. There is no bright-line rule for determining when a prior crime is too remote to be admissible. *United States v. Spillone*, 879 F.2d 514, 519 (9th Cir. 1989). Some acts that are quite remote in time may nevertheless be "extremely probative and relevant," depending on the similarity of the acts and why they were admitted. *Ibid.* The remoteness test operates on a sliding scale: the greater the past crime's similarity to the current crime, the less the remoteness of the past crime matters in the prejudice analysis. *Ibid*.

While petitioner's crimes were somewhat remote in time — occurring eleven and eighteen years before the crime at issue here — they were similar to the current offense and highly probative of intent. The Ninth Circuit suggests that, at a minimum for admissibility, the prior crime must have a similar intent as the charged crime. *Ibid.*; *see also United States v. Evans*, 796 F.2d 264 (9th Cir. 1984) (prior conviction for mail and securities fraud was similar to embezzlement because both involved the conversion of assets). Here, the prior crimes and charged crimes all required an affirmative, inappropriate act on a minor with an intent to arouse sexual desires. *See People v. Martinez*, 11 Cal.4th 434, 452 (1995) (describing the elements of California Penal Code Section 288). Indeed, the 1977 offense, though older than the 1984 offense, is even more similar as it also involved petitioner's entry into a school bathroom to commit an act for a sexual purpose. Thus, while the prior offenses are concededly remote, their probative value and similarity to the current crime minimizes any prejudice from such remoteness.

In addition, the trial court gave the jury a limiting instruction to consider the prior offenses only to establish motive or intent and for no other purpose (Ex. B at 185). Limiting instructions are one way that defendants' interests are protected in the face of otherwise-prejudicial evidence, *see Spencer v. State of Texas*, 385 U.S. 554, 562-65 (1967), and jurors are presumed to follow a court's limiting instructions, *Aguilar v. Alexander*, 125 F.3d 815, 820 (9th Cir. 1997). It is significant here that petitioner was found not guilty of one of the charges of annoying or molesting a child. If the jury had been so inflamed and prejudiced against petitioner by the prior crime evidence, they would likely have convicted petitioner on both counts.

The totality of the circumstances — the limiting instructions, other reasonable inferences the jury could have drawn from past offense evidence, the fact that petitioner was convicted of only one of the counts charged, and the similarity and probative value of the prior crimes — show that the introduction of evidence of petitioner's past crimes did not render the trial fundamentally unfair. Petitioner, having failed to show that the state courts' denial of his claim was contrary to or an unreasonable application of clearly established federal law, is not entitled to federal habeas relief based on this claim.

## CONCLUSION

For the reasons described above, the petition for writ of habeas corpus is **DENIED**. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED**.

DATED: November 7, 2011

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.10\GRUNAU5648.RUL.wpd